Félix, Appellant, v. Registrar of San Juan,
Respondent.

Appeal from a Decision of the Registrar of Property Refusing to Record Deeds of Purchase and Sale and Mortgage.

No. 485.—Decided March 14, 1921.

Record of Title—Conveyance—Emancipated Minor—Consent of Father.—
When father and son, the latter having been emancipated according to section 303 of the Civil Code, set forth in a deed that it is their intention to sell a certain property and that they actually "make an absolute sale" of the property to the grantee, and in several ways accept and ratify the contract and thereafter accept a mortgage for the deferred part of the purchase price, the consent of the father, which by the letter of section 307 of the said code need not be express, must be implied.

The facts are stated in the opinion.

*Mr. H. Torres Solá* for the appellant.

The respondent appeared by brief.

Mr. Justice Wolf delivered the opinion of the court.

In July, 1920, Bernardo Rosa emancipated his nineteen-year-old son, Francisco Rosa y Llenza. In September of 1920, Bernardo Rosa and his son Francisco Rosa y Llenza sold to Román Félix and Dominga Maldonado a rural property of which the grantors were owners in common. The property was conjugal and Bernardo Rosa acquired one-half of it on the death of his wife, and his son Francisco acquired the other half by inheritance.

Contemporaneously with the deed of sale for the aforesaid property the parties presented for record a mortgage in favor of Bernardo Rosa and Francisco Rosa for $5,000, secured by the same property.

Both the deed of sale and the mortgage were denied record.

The appeal in this case is taken by Román Félix, the purchaser, and the note denying record of the deed of sale is as follows:

"After examining the act of emancipation and another writing attesting that Román Félix is married to Dominga Maldonado, the

preceding deed is admitted to record only as to the interest conveyed by Bernardo Rosa Cuadrado and is entered at page 160 of volume 22 of Río Piedras, Property No. 958, triplicate, entry 16-*a*. Admission to record of the transfer made by the emancipated minor of his interest is denied because the appearance and acts of said Bernardo Rosa set out in the deed refer only to the sale of his interest in common and do not show that he gave his consent to his son, also a vendor, as provided for by section 307 of the Civil Code as amended on March 8, 1906. A caveat has been inserted for the legal period in the same entry.''

Section 307 of the Civil Code, on which the registrar relies, is as follows:

''Emancipation capacitates the minor to govern his property and person as if he were of age; but until he attains his majority the said emancipated person cannot make any promise or contract any obligation exceeding in value the amount of his income for one year. Neither can he encumber or sell his real property, without the consent of his father, or in default thereof, that of his mother, and in the proper case, that of his tutor. Neither may he appear in a suit without the appearance of the said persons.''

It will be noted that the section simply speaks of consent and does not say that such consent should be express, as was done, for example, in section 1328 of the Civil Code, where a husband is forbidden to sell or bind the real estate of the conjugal partnership without the express consent of the wife.

The appellant, with a citation from Escriche's *Diccionario Razonado de Legislación y Jurisprudencia,* page 507, maintains that the adhesion of one to the will of another, the mutual concourse of the will of the parties with respect to an act which they approve with full knowledge, constitutes consent.

The grantors in the deed were, as we have said, owners in common, and they began the deed by saying that on one side appeared Bernardo Rosa y Cuadrado and Francisco Rosa; in other words they appeared together to sell a single

whole piece of property which they owned together and throughout the deed in different places they speak of selling the whole property.

Again, in the second paragraph of the deed they say:

"The parties hereto went on to say that, having all agreed upon the purchase and sale of the aforesaid property, they proceed to carry the said agreement into effect in the manner and form set out in the following covenants."

And then they go on to say that Bernardo Rosa Cuadrado and Francisco Rosa Llenza make an absolute sale in favor of Román Félix without any reserve or limitation, and in the third clause of the deed it is said that all the parties accept the deed.

Furthermore, in the final clause the parties ratify the contents of the deed.

We think it is clear that where two owners in common, father and son, appear to sell a piece of property, the consent of the father to the sale by the son would be irrebuttably presumed even if the foregoing more or less express citations from the deed did not show an actual consent.

Furthermore, these considerations are supported by the fact that both father and son joined to accept a mortgage on the same property from the purchaser.

Without attempting to discuss all possible principles of estoppel that might arise, we feel bound to hold that the consent of the father to the sale by the son, if not expressly given, must necessarily be implied.

The note of the registrar must be reversed and the record made.

*Reversed.*

Justices Del Toro and Hutchison concurred.

Chief Justice Hernández and Justice Aldrey dissented.

DISSENTING OPINION OF MR. CHIEF JUSTICE HERNÁNDEZ, IN WHICH MR. JUSTICE ALDREY CONCURRED.

By a public deed executed in Río Piedras on September 20, 1920, before notary Heriberto Torres Solá, Bernardo Rosa y Cuadrado and his son Francisco Rosa y Llenza, an emancipated minor, sold to Román Félix and Dominga Maldonado a property which they owned in common, and by another deed of the 22nd of the same month the grantees created a mortgage on the same property in favor of the grantors to secure a loan of $5,000.

Both deeds were presented for record in the Registry of Property of San Juan, Section 1, and the registrar refused to record the deed of sale as to the interest of the emancipated minor. The pertinent part of his decision of November 29, 1920, reads as follows:

"After examining the act of emancipation and another writing attesting that Román Félix is married to Dominga Maldonado, the preceding deed is admitted to record only as to the interest conveyed by Bernardo Rosa Cuadrado * * *. Admission to record of the transfer made by the emancipated minor of his interest is denied because the appearance and acts of said Bernardo Rosa set out in the said deed refer only to the sale of his interest in common and do not show that he gave his consent to his emancipated son, also a vendor, as provided for by section 307 of the Civil Code as amended on March 8, 1906, * * *."

That decision was appealed from to this court by grantee Román Félix, but the decision with regard to the mortgage is not included in this appeal. The appellant alleges in support of a reversal that section 307 of the Civil Code has been complied with in the deed of September 20, 1920, for it appears therefrom that Bernardo Rosa y Cuadrado gave his consent to the said conveyance by his emancipated minor son, Francisco Rosa y Llenza, of his common interest.

Section 307 of the Civil Code provides that an emancipated minor can not "encumber or sell his real property,

without the consent of his father, or in default thereof, that of his mother, and in the proper case, that of his tutor.'' The statute is clear and the only question in this case is whether by executing the deed of purchase and sale Bernardo Rosa gave his consent to the sale of the common interest belonging to his emancipated minor son, Francisco Rosa y Llenza.

The deed shows that before the notary appeared Bernardo Rosa y Cuadrado and his son Francisco Rosa y Llenza of one part and Román Félix and Dominga Maldonado of the other part; that Bernardo and Francisco Rosa were owners in common and in equal shares of the property sold; that the sale was made for the sum of $2,000 which the grantors received from the hands of the grantees; that all the parties accepted the deed under the terms therein contained, and that they agreed to it and ratified its contents.

The text of the deed does not disclose that Bernardo Rosa y Cuadrado gave his son Francisco Rosa y Llenza the consent required by law, for although they both appeared together before the notary and made the sale and received the price jointly, each of them acted in his own behalf and the father made no statement regarding his consent to the sale by his son of his common interest.

The acceptance, agreement and ratification made by all of the parties, both grantors and grantees, refer to each one of them as to their own individual interests. There was no adhesion of the father to the will of the son, nor mutual meeting of minds for the sale of the son's interest. Father and son acted with full independence, each selling his interest without participating in the other's sale. We have no doubt that the father had knowledge of the conveyance being made by his son, but we are positive that he did not give his consent to it. It may be said that he did not object to the conveyance, but it is impossible to conclude that he

consented to it or approved it. The intention of the legislators in requiring the consent of the father, mother or tutor to the alienation of real property of an emancipated minor is that the person who must give his consent may pass upon the act of alienation by the minor and decide to give it or refuse it as the interests of the minor may demand. It seems that the father in this case acted with regard to his son on the theory that his consent was not necessary, for otherwise he would have expressly given it if he desired that the minor's conveyance should have legal effect. The deed could have been executed in the same terms if section 307 of the Civil Code had not existed. And the mortgage afterwards created by the grantees on the property in favor of the grantors argues nothing in favor of compliance with section 307 of the Civil Code in the execution of the deed of purchase and sale.

For the foregoing reasons we dissent from the majority opinion of this court and are of the opinion that the decision appealed from should have been affirmed.